**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK MANGAFAS and KASSANDRA MANGAFAS,<br><br>　　　　Plaintiffs,<br><br>　　　　-against-<br><br>MARTHA'S 263 BEDFORD AVE, LLC and MARTHA'S<br>COUNTRY BAKERY 2, LLC and ANTONIOS ZANNIKOS and GEORGE STERTSIOS<br><br>　　　　Defendants | Case No.<br><br>**COMPLAINT**<br><br><br>**ECF CASE**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs MARK MANGAFAS (hereinafter "Mark") and KASSANDRA MANGAFAS (herein after "Kassandra"), individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Jones Law Firm, P.C., upon their knowledge and belief, and as against MARTHA'S 263 BEDFORD AVE, LLC, MARTHA'S COUNTRY BAKERY 2, LLC, ANTONIOS ZANNIKOS and GEORGE STERTSIOS (collectively, "Defendants"), allege as follows:

<u>**NATURE OF ACTION**</u>

　　1. Plaintiff Mark is a former employee of MARTHA'S 263 BEDFORD AVE, LLC and MARTHA'S COUNTRY BAKERY 2, LLC, ANTONIOS ZANNIKOS and GEORGE STERTSIOS.

2. Plaintiff Kassandra is a former employee of the Defendants MARTHA'S COUNTRY BAKERY 2, LLC, ANTONIOS ZANNIKOS and GEORGE STERTSIOS.

3. Defendants own, operate, or control a bakery/coffee shops, located at 175 Bedford Avenue, Brooklyn, NY 11211 and 263 Bedford Avenue, Brooklyn, NY 11211 under the name of Martha's Country Bakery.

4. Upon information and belief, individual Defendants ANTONIOS ZANNIKOS and GEORGE STERTSIOS, serve or served as managers, principals, or agents of Defendants.

5. Plaintiff Mark was employed as a supervisor at both of Defendants' bakery/coffee shop locations.

6. Plaintiff Kassandra was employed as a counter-clerk/cashier as Defendants' 175 Bedford Avenue, Brooklyn, NY 11211 location.

7. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

8. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9. Defendants also failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

10. Furthermore, Defendants repeatedly failed to pay Plaintiffs wages in a timely manner.

11. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

12. Plaintiffs now bring this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their company headquarters and offices within this district, and Defendants operate a bakery/coffee shop located in this district. Furthermore, Plaintiffs were employed by Defendants in this district.

## PARTIES
*Plaintiffs*

15. Plaintiff Mark is an adult individual residing in Queens County, New York.

16. Plaintiff Kassandra is an adult individual residing in Queens County, New York.

17. Plaintiff Mark was employed by Defendants from approximately September 2016 until on or about July 2017.

18. Plaintiff Kassandra was employed by Defendants from approximately December 2016 until on or about July 2017.

*Defendants*

19. At all relevant times, Defendants owned, operated, or controlled a bakery/coffee shops, located at 175 Bedford Avenue, Brooklyn, NY 11211 and 263 Bedford Avenue, Brooklyn, NY 11211 under the name of Martha's Country Bakery.

20. Upon information and belief, MARTHA'S 263 BEDFORD AVE, LLC and MARTHA'S COUNTRY BAKERY 2, LLC are domestic Limited Liability Companies organized and existing under the laws of the State of New York. Upon information and belief, Defendants collectively maintain their principal place of business at 263 Bedford Avenue, Brooklyn, NY 11211.

21. Defendant ANTONIOS ZANNIKOS was at all relevant times an individual engaging in business in this judicial district. Defendant ANTONIOS ZANNIKOS is sued individually as manager, principal, or agent of Defendant Limited Liability Companies. Defendant ANTONIOS ZANNIKOS possessed operational control over Defendant Limited Liability Companies and controlled significant functions of Defendant Limited Liability Companies. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

22. Defendant GEORGE STERTSIOS was at all relevant times an individual engaging in business in this judicial district. Defendant GEORGE STERTSIOS is sued individually as manager, principal, or agent of Defendant Limited Liability Companies. Defendant GEORGE STERTSIOS possessed operational control over Defendant Limited Liability Companies and controlled significant functions of Defendant Limited Liability Companies. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the

schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23. Defendants own, operate, or control bakery/coffee shops in Brooklyn and Queens, New York.

24. Individual Defendants, ANTONIOS ZANNIKOS and GEORGE STERTSIOS, possessed operational control over Defendant Limited Liability Companies and controlled significant functions of Defendant Limited Liability Companies.

25. Defendants were associated and joint employers, acted in the interest of each other with respect to employees, payed employees by the same method, and shared control over the employees.

26. Each Defendant possessed substantial control over Plaintiffs' working conditions and over the policies and practices with respect to the employment and compensation of Plaintiffs.

27. Defendants jointly employed Plaintiffs and are Plaintiffs' employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

28. In the alternative, Defendants constituted a single employer of Plaintiffs.

29. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

30. In each year from 2016 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the bakery/coffee shops on a daily basis are goods produced outside of the State of New York.

*Plaintiff Mark Mangafas*

32. Plaintiff Mark was employed by Defendants from approximately September 2016 until on or about July 2017.

33. Defendants employed Plaintiff Mark as a supervisor.

34. Plaintiff Mark regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

35. Plaintiff Mark's work duties required neither discretion nor independent judgment.

36. Throughout his employment with Defendants, Plaintiff Mark regularly worked in excess of 40 hours per week.

37. From approximately September 2016 until on or about July 2017, Plaintiff Mark worked from approximately 5:30 am until on or about 6 pm Mondays, Tuesdays and Thursdays through Sundays.

38. Throughout his employment, Defendants paid Plaintiff Mark his wages by check.

39. From approximately September 2016 until on or about November 2016, Plaintiff Mark did not receive wages from the Defendants.

40. From approximately November 2016 until on or about July 2017, Defendants paid Plaintiff Mark a fixed salary of $500 per week.

41. Plaintiff Mark's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

42. Defendants seldom granted Plaintiff Mark uninterrupted breaks or meal periods.

43. Plaintiff Mark was not required to keep track of his time.

44. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Mark regarding overtime and wages under the FLSA and NYLL.

45. Defendants did not provide Plaintiff Mark an accurate statement of wages, as required by NYLL 195(3).

46. Defendants did not give any notice to Plaintiff Mark, in English and in Greek (Plaintiff Mark's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

47. Defendants required Plaintiff Mark to use his own "tools of the trade"—including his car.

*Plaintiff Kassandra Mangafas*

48. Plaintiff Kassandra was employed by Defendants from approximately December 2016 until on or about July 2017.

49. Defendants employed Plaintiff Kassandra as a counter-clerk/cashier.

50. Plaintiff Kassandra regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

51. Plaintiff Kassandra's work duties required neither discretion nor independent judgment.

52. Throughout her employment with Defendants, Plaintiff Kassandra regularly worked in excess of 40 hours per week.

7

53. From approximately December 2016 until on or about July 2017, Plaintiff Kassandra worked from approximately 5:30 am until on or about 4 pm Mondays, Tuesdays and Thursdays through Sundays.

54. Throughout her employment, Defendants paid Plaintiff Kassandra her wages by check.

55. Plaintiff Kassandra's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

56. Plaintiff Kassandra's hours were manually logged in a payroll record book, except for the hours Plaintiff Kassandra worked making deliveries, loading and unloading.

57. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Kassandra regarding overtime and wages under the FLSA and NYLL.

58. Defendants did not provide Plaintiff Kassandra an accurate statement of wages, as required by NYLL 195(3).

59. Defendants did not give any notice to Plaintiff Kassandra, in English and in Greek (Plaintiff Kassandra's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

60. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

61. Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

8

62. Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

63. Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

64. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

65. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

66. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for their full hours worked.

67. Defendants engaged in their unlawful conduct pursuant to a company policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

68. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs.

69. Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

70. Defendants failed to provide Plaintiffs, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the Plaintiffs' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

71. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

72. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

73. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

74. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

75. Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

76. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

78. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

79. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

80. Defendants' failure to pay Plaintiffs, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

81. Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

82. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

83. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

84. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

85. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

86. Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

87. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

88. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

89. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

90. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

91. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

92. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

93. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

94. Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

95. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

96. Defendants failed to provide Plaintiffs with a written notice, in English and in Greek (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

97. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

98. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

99. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

100. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

101. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

102. Defendants required Plaintiff Mark to pay, without reimbursement, the costs and expenses for maintaining equipment and "tools of the trade" required to perform his jobs, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

103. Plaintiff Mark was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE
## NEW YORK LABOR LAW

104. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

105. Defendants did not pay Plaintiffs in a timely manner, in violation of NYLL §191.

106. Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs;

(e) Awarding Plaintiffs damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(j) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(m) Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p) Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
September 25, 2018

Respectfully submitted,

/s/ T. Bryce Jones, Esq.
T. Bryce Jones
Jones Law Firm, P.C.
450 7th Avenue, Suite 1408
New York, NY 10123
(212) 258-0685
bryce@joneslawnyc.com
*Attorneys for Plaintiffs*

/s/ David Treyster, Esq.
David Treyster, Esq.
Jones Law Firm, P.C.
450 7th Avenue, Suite 1408
New York, NY 10123
(212) 258-0685
*Attorneys for Plaintiffs*