UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARK MANGAFAS and
KASSANDRA MANGAFAS,

                Plaintiffs,

-against-

MARTHA'S 263 BEDFORD AVE, LLC and
MARTHA'S COUNTRY BAKERY 2, LLC
and ANTONIOS ZANNIKOS and
GEORGE STERTSIOS,

                Defendants.

Case No. 1:18-cv-05390

ECF CASE

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Plaintiff MARK MANGAFAS ("Plaintiff") and Defendants MARTHA'S 263 BEDFORD AVE, LLC and MARTHA'S COUNTRY BAKERY 2, LLC and ANTONIOS ZANNIKOS and GEORGE STERTSIOS and nonparty MARTHA'S COUNTRY BAKERY 3, LLC and all other related and/or affiliated Martha's Country Bakery businesses and individuals (collectively "Defendants") agree upon this Settlement Agreement and General Release ("Agreement").

**Whereas,** Plaintiff brought suit in the above-captioned action as a result of a dispute regarding his employment;

**Whereas,** Plaintiff MARK MANGAFAS was employed by the Defendants as a Manager;

**Whereas,** the parties desire to resolve all disputes between them without the necessity of further litigation;

**Whereas,** Defendants deny any violation of federal and state wage and hour and overtime laws;

**NOW THEREFORE**, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.  **Settlement Sum.** Defendants agree to pay a total of $19,125.00 (the "Settlement Sum"), as set forth and allocated below:

    2.1   one (1) payment of $15,412.56 made payable to "Jones Law Firm, P.C." to be distributed to MARK MANGAFAS and effected within 15 days of the execution of this Agreement;

    2.2   one (1) payment of $3,712.44 made payable to "Jones Law Firm, P.C." for MARK MANGAFAS' attorney's fees and effected within 15 days of the execution of this Agreement;

    2.3   The settlement payment checks referred to in §§ 2.1 and 2.2 will be delivered to Jones Law Firm, P.C.

    2.4   In the event that Defendants fail to pay any of the settlement amounts in this section, and Plaintiffs commence an action to recover such amounts, then Plaintiffs may also recover their reasonable cost of suit including reasonable attorney's fees.

3.  Omitted.

4.  **General Release.** In consideration of the promises, payments and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, on his own behalf and on behalf of anyone who could claim by and through him, hereby waives, releases, satisfies and discharges: Defendants; Defendants' insurers, predecessors and successors in interest, assignees, parents, subsidiaries, divisions and affiliated or related companies and entities; Defendants' past, present, and future shareholders; and, Defendants' officers, directors, supervisors, managers, employees, agents, attorneys and representatives (hereafter collectively referred to as the "Releasees"). Plaintiff releases the Releasees in their

individual and official capacities, and their heirs and legal representatives. Plaintiff releases the Releasees from any and all claims, debts, losses, demands, obligations, liabilities, causes of action, charges, grievances, complaints or suits of any type or nature which relate to his employment relationship with the Releasees under federal, state or local law, including but not limited to 42 U.S.C. §§ 2000e – 2000e-17 (Title VII of the Civil Rights Act of 1964) and New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et. seq.*, and any other claims whatsoever alleged in the Pending Action which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, claims for emotional distress, penalties of any nature whatsoever, other compensation or benefits, including 401(k) benefits or matching benefits, retirement or deferred compensation benefits claims on account of unpaid wages, tips, overtime, and/or other compensation, attorneys' fees and costs, whether known or unknown, from the beginning of the world to the date of the Agreement. Plaintiff also release Releasees from any and all similar claims which were actually asserted, or could have been asserted by Plaintiff in the Pending Action, including but not limited to, any alleged violation of: Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); the Immigration Reform and Control Act; the Americans with Disabilities Act of 1990; the Family & Medical Leave Act of 1993, as amended; The Age Discrimination in Employment Act of 1967 ("ADEA"); the Sarbanes-Oxley Act of 2002, as amended; the Workers Adjustment and Retraining Notification Act; the Fair Credit Reporting Act; the New York State Human Rights Law, as amended; the New York State Civil Rights Law, as amended; as amended; the New York State Equal Rights Law, as amended; the New York State Equal Pay Law, as amended; the New York State Labor Law, as amended; the New York Occupational Safety and Health Laws, as amended; the New York City Human Rights Law, as amended; the New York City Administrative Code and Charter, as amended; any

other federal, state or local law, rule, regulation, or ordinance; any public policy, contract, tort, or common law; or any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters accruing through the date of this Agreement.

5. **Non-Disparagement.** The Parties agree to refrain from making any public or private statements, oral or written, that disparage, slander, libel, or otherwise cast aspersions on each other.

6. **Dismissal of Pending Action.** In consideration of the promises outlined in Paragraph 2 and elsewhere in this Agreement, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, his claims against Defendants in the Pending Action; and (2) not to re-file these causes of action, or any other causes of action, against Defendants arising from employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action. The Parties shall take all steps necessary to effectuate the dismissal of this action, including filing the dismissal with prejudice attached as Exhibit A, whether required by the Court or otherwise.

7. **Responsibility for Taxes.** Plaintiff assumes full responsibility for his respective portion of the payment of all federal, state, and local taxes or contributions which he may be required to be paid under any federal or state laws of any kind, with respect to the monies paid by Defendants to Plaintiff pursuant to this Settlement Agreement.

8. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of New York, and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that he has not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

9. **Bona fide Dispute.** Plaintiff specifically acknowledges that this Agreement, and the monies he received pursuant to it, is a fair and reasonable resolution of a bona fide

dispute with Defendants and any claims that he could have brought in the Pending Action. Plaintiff also acknowledges that they and their counsel conducted a thorough investigation into the facts of the action against Defendants. The parties exchanged a significant volume of information. Based on a thorough investigation and evaluation, Plaintiff and their counsel believe that the settlement set forth in this Agreement is fair, reasonable, and adequate and in Plaintiff's best interests in light of all known facts and circumstances, including the risk of loss, risk of significant delay, affirmative defenses asserted by Defendants, and potential appellate issues.

10. **Related Action.** Defendants MARTHA'S 263 BEDFORD AVE, LLC, MARTHA'S COUNTRY BAKERY 2, LLC, along with MARTHA'S COUNTRY BAKERY 3, LLC brought an action against MARK MANGAFAS (a/k/a MARCO MANGAFAS) for, among other things, breach of his ownership agreement with said plaintiffs in the matter INDEX NO. 710223/2018, Supreme Court State of New York, Queens County:

11. Plaintiffs in said related action, as RELEASOR, releases and discharges MARCO (a/k/a MARK) MANGAFAS, as RELEASEE, and RELEASEE'S heirs, executors, administrators, agents, successors, officers, shareholders, members, partners, their subsidiaries, affiliated companies, parent companies, predecessors, assigns and their past, present or future shareholders, members, partners, general partners, directors, officers, managers, employees, attorneys, agents, servants, heirs, executors and administrators, and assigns from all actions, causes of actions, suits, debts, liens, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors, and assigns ever had, by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Release that specifically relates to the

claims of RELEASOR, stemming from and arising out of damages allegedly sustained as a result of RELEASEE's business relationship with RELEASOR, and which formed the basis of a lawsuit filed in SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF QUEENS under INDEX NO. 710223/2018. And further, the parties further release each other in relation to all claims which they ever had, have, and/or will have, related to the aforesaid related lawsuit. The words "RELEASOR" and "RELEASEE" include all Releasors and Releasees under this RELEASE. This RELEASE may not be changed orally. The parties agree to resolve said matter whereby MARK MANGAFAS transfers all of his interest in the entity which is the subject of the Related Action to said plaintiffs in exchange for $1 and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and plaintiffs shall discontinue said action against MARK MANGAFAS with prejudice. A proper stipulation and transfer of interest in limited liability company document is annexed hereto as **Exhibit B**.

12. **Indemnification.** RELEASOR shall indemnify, defend, and hold harmless RELEASEES from any all claims arising out of his conduct in connection with his relationship with RELEASEES.

13. **Acknowledgments.** Plaintiff acknowledges that he has not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set forth herein. Plaintiff specifically acknowledges that the parties jointly prepared this Agreement.

14. **Venue.** This Agreement is enforceable in the federal and state courts of New York. The Parties specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in the United States District Court for the Southern District of New York or a New York State Court Plaintiff competent jurisdiction that lies within the geographic area encompassed by the United States District Court for the Southern District of New York. Plaintiff and Defendants hereby waive any pleas of

improper jurisdiction or venue in the United States District Court for the Southern District of New York or a New York State Court of competent jurisdiction that lies within the geographic area encompassed by the United States District Court for the Southern District of New York.

15. **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

16. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

17. **Prevailing Party Fees.** In the event of any litigation to enforce or regarding a breach of the terms of this Agreement, the prevailing party shall be entitled to receive from the other reasonable attorneys' fees and costs up through and including the appellate process.

18. **Execution in Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

19. Plaintiff understand, represents, and agrees that he:

18.1   has carefully read and fully understands all of the provisions of this Agreement;

18.2   is, through this Agreement, releasing Defendants and Releasees from any and all claims that he may have against them;

18.3   Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

18.4   Knowingly and voluntarily intends to be legally bound by this Agreement;

18.5   Was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and

18.6   Is duly authorized and has full authority to execute this Agreement.

**Plaintiff:**

_____
MARK MANGAFAS

_____
Jones Law Firm, P.C. attorneys for Plaintiff KASSANDRA (MANGAFAS) DIMOU
By: John J. Thompson, Esq.

State of  New York

County of  New York

Sworn to before me this
17 day of December 2018

_____
Notary Public

BRITTANY SLOANE WEINER
NOTARY PUBLIC-STATE OF NEW YORK
No. 02WE6255634
Qualified in New York County
My Commission Expires February 06, 20/6/20

**Defendants:**

_____   By George Stertsios
MARTHA'S 263 BEDFORD AVE, LLC   managing member.

_____   By George Stertsios
MARTHA'S COUNTRY BAKERY 2, LLC   managing member.

_____
ANTONIOS ZANNIKOS

_____
GEORGE STERTSIOS

_____
Sacco & Fillas, LLP, attorneys for Defendants
By: Zachary S. Kaplan, Esq.

Agreed:

_____
MARTHA'S COUNTRY BAKERY 3, LLC    By George Stetsios
managing member

State of New York

County of Queens

Sworn to before me this
21 day of December 2018

_____
Notary Public

ALBERT R MATUZA JR
Notary Public, State of New York
No. 01MA6070094
Qualified in Nassau County
Commission Expires February 19, 2022

personally appeared George Stetsios

personally appeared Antonios Zenikos
Sworn before me on this 21st day of December, 2018

_____
Notary Public
ALBERT R MATUZA JR
Notary Public, State of New York
No. 01MA6070094
Qualified in Nassau County
Commission Expires February 19, 2022

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARK MANGAFAS and
KASSANDRA MANGAFAS,

                Plaintiffs,

-against-

MARTHA'S 263 BEDFORD AVE, LLC and
MARTHA'S COUNTRY BAKERY 2, LLC and
ANTONIOS ZANNIKOS and GEORGE
STERTSIOS,

                Defendants.

Case No. 1:18-cv-05390

**Stipulation of Discontinuance**

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the parties to the above-captioned matter hereby stipulate that they intend to dismiss with prejudice of action and request that the Clerk of the Court enter dismissal of this action with prejudice against each Defendant, with each party to bear their own costs.

JONES LAW FIRM, P.C.

By: _____
John J. Thompson, Esq.
450 7 Avenue, Suite 1408
New York, New York 10123
Tel: (212) 258-0685
*Attorney for Defendants*

SACCO & FILLAS, LLP

By: _____
Zachary S. Kaplan, Esq.
31-19 Newtown Avenue, 7th Floor
Astoria, New York 11102
Tel: (718) 746-3440
*Attorney for Defendants*

**SO ORDERED.**

_____
U.S.D.J.

# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

INDEX NO. 710223/2018

MARTHA'S 263 BEDFORD AVE, LLC,
MARTHA'S COUNTRY BAKERY 2, LLC, &
MARTHA'S COUNTRY BAKERY 3, LLC,

                        Plaintiffs,

**Stipulation of Discontinuance**

-against-

MARCO MANGAFAS,

                        Defendants.

The parties hereto stipulate to Plaintiffs' discontinuance with prejudice of this action and request that the Court dismiss this action with prejudice against each Defendant, each party to bear their own costs.

JONES LAW FIRM, P.C.

By: _____
John J. Thompson, Esq.
450 7 Avenue, Suite 1408
New York, New York 10123
Tel: (212) 258-0685
*Attorney for Defendants*

SACCO & FILLAS, LLP

By: _____
Zachary S. Kaplan, Esq.
31-19 Newtown Avenue, 7th Floor
Astoria, New York 11102
Tel: (718) 746-3440
*Attorney for Plaintiffs*

## TRANSFER OF INTEREST IN LLCs AGREEMENT

This AGREEMENT dated as of   day of November, 2018 (**THE AGREEMENT**) by and among **Marcos Mangafas**, having an address at                                   (**TRANSFEROR**), and MARTHA'S 263 BEDFORD AVE, LLC, MARTHA'S COUNTRY BAKERY 2, LLC, & MARTHA'S COUNTRY BAKERY 3, LLC having an address at                              (**TRANSFEREE**).

## WITNESSETH

A. **TRANSFEROR** is the owner of at least 3 Percent (3%) interest in MARTHA'S 263 BEDFORD AVE, LLC, MARTHA'S COUNTRY BAKERY 2, LLC, & MARTHA'S COUNTRY BAKERY 3, LLC ("the Business").

B. **TRANSFEROR** desires to transfer to **TRANSFEREE**, and **TRANSFEREE** is willing accept, all of **TRANSFEREE** interest in the Business to settle a pending suit, upon the terms and conditions set forth in this Agreement.

**NOW, THEREFORE**, in consideration of one ($1.00) dollar and other good and valuable consideration together with the mutual representations, warranties, covenants, agreements and conditions hereinafter set forth, the parties hereto, intending to be legally bound, agree as follows:

## SALE AND PURCHASE OF SHARES

**TRANSFEROR** hereby agrees to transfer to **TRANSFEREE**, and **TRANSFEREE** hereby agree to accept from **TRANSFEROR**, all of **TRANSFEROR** interests owned beneficially and of record by the **TRANSFEROR** in the Business, upon the terms, conditions, representations, warranties, covenants and agreements set forth herein.

## PURCHASE PRICE

The terms of payments are as follows:

The parties agree that at the signing of this contract, the transferee shall release its claims against Marco Mangafas as per the corresponding Release in the action index no.                 , Supreme Court, Queens County.

The parties agree that at the closing of this contract, Transferor will pay Seller the sum of <u>One Dollars and no cents ($1.00)</u>, for any and all of Transferor's interest in the Business as described herein.

## SECURITY AGREEMENTS

NOT APPLICABLE

## REPRESENTATIONS AND WARRANTIES OF SELLER

**TRANSFEROR** represents and warrants to **TRANSFEREE** as follows:

**TRANSFEROR** is the record and beneficial owner of at least 3 percent (3%) of all interests in the Business free and clear of any and all liens, encumbrances, charges, claims and assessments of every nature and are not subject to any restrictions with respect to sale or transferability. **TRANSFEROR** has full power and authority to sell, assign and transfer his interest to **TRANSFEREE** in accordance with the terms of this Agreement. There are no outstanding options, warrants, contracts, calls, commitments, agreements or demands, of any character, relating to or other rights to acquire, **TRANSFEROR** interests, except for this Agreement, or any securities convertible into or exchangeable for **TRANSFEROR** interest.

## ADJUSTMENTS

The parties hereto agree that there shall be NO adjustments.

## CLOSING

This agreement shall constitute the closing of the acquisition of the transfer of the interest in the Business.

**a) To be delivered by TRANSFEROR concurrently with signing of this Agreement.**

All of Transferor's right, title, and interest in the Business.

All of Transferor's documents relating to and those evidencing Transferor's interest in the Business.

All property of the Business.

## BROKER

No broker.

-15-

## SURVIVAL

All statements contained in any instrument or document delivered by or on behalf of either parties hereto pursuant to this contract and the transactions contemplated hereby shall be deemed representative hereunder. All representations and covenants herein shall survive the closing for the benefit of the other party.

## ENTIRE UNDERSTANDING

This agreement represents the entire agreement between the parties unless otherwise provided herein.

## ADDITIONAL DOCUMENTS

The parties agree to further execute any additional documents to effectuate the transaction set forth herein.

## ASSIGNMENT OF THIS CONTRACT PROHIBITED

Any assignment or purported assignment shall be deemed null and void and of no effect and shall constitute a breach of this agreement.

## REPRESENTATION OF COUNSEL

All parties hereto agree that they have or had the opportunity to consult with counsel prior to the execution of this agreement.

## ELECTRONIC SIGNATURES

All electronic or photostat signatures of the parties to this agreement shall be deemed originals and shall have the same force and effect of original signatures.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date and year first above written.

Dated: Dec 21, 2018
       Queens, NY

**TRANSFEROR:**

_____
Marcos Mangafas

**TRANSFEREE:**

_____   By George Stertsios
MARTHA'S 263 BEDFORD AVE, LLC    Managing Member

_____   By George Stertsios
MARTHA'S COUNTRY BAKERY 2, LLC   Managing Member

_____   By George Stertsios
MARTHA'S COUNTRY BAKERY 3, LLC   Managing Member

-17-

## LIMITED LIABILITY COMPANY
## OWNERSHIP/MEMBERSHIP INTEREST POWER

Date: _____

FOR VALUE RECEIVED,

Mark Mangafas a/k/a Marco Mangafas a/k/a Marcos Mangafas

Hereby sell(s), assign(s) and transfer(s) unto

MARTHA'S 263 BEDFORD AVE, LLC, MARTHA'S COUNTRY BAKERY 2, LLC, & MARTHA'S COUNTRY BAKERY 3, LLC, respectively

All of his ownership/membership interest in MARTHA'S 263 BEDFORD AVE, LLC, MARTHA'S COUNTRY BAKERY 2, LLC, & MARTHA'S COUNTRY BAKERY 3, LLC, respectively, which is not less than 3% ownership/membership of each thereof, of ownership/membership of each standing in (their) names on the books of said and do(es) hereby irrevocably constitute and appoint

MARTHA'S 263 BEDFORD AVE, LLC, MARTHA'S COUNTRY BAKERY 2, LLC, & MARTHA'S COUNTRY BAKERY 3, LLC, respectively,

attorney to transfer the said ownership/membership interest on the books of MARTHA'S 263 BEDFORD AVE, LLC, MARTHA'S COUNTRY BAKERY 2, LLC, & MARTHA'S COUNTRY BAKERY 3, LLC with full power of substitution in the premises.

It is expressly understood and agreed that MARTHA'S 263 BEDFORD AVE, LLC, MARTHA'S COUNTRY BAKERY 2, LLC, & MARTHA'S COUNTRY BAKERY 3, LLC, respectively, its successors or assigns, shall not complete this Stock Power until a default allowing disposition of the collateral shall occur under the terms and provisions of the **TRANSFER OF INTEREST IN LLCs AGREEMENT**

X _[signature]_
Mark Mangafas

X _____
MARTHA'S 263 BEDFORD AVE, LLC

X _____
MARTHA'S COUNTRY BAKERY 2, LLC

X_____
MARTHA'S COUNTRY BAKERY 3, LLC