UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARK MANGAFAS and
KASSANDRA MANGAFAS,

                Plaintiffs,

-against-

MARTHA'S 263 BEDFORD AVE, LLC and
MARTHA'S COUNTRY BAKERY 2, LLC
and ANTONIOS ZANNIKOS and
GEORGE STERTSIOS,

                Defendants.

Case No. 1:18-cv-05390

ECF CASE

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Plaintiff KASSANDRA (MANGAFAS) DIMOU ("Plaintiff") and Defendants MARTHA'S 263 BEDFORD AVE, LLC and MARTHA'S COUNTRY BAKERY 2, LLC and ANTONIOS ZANNIKOS and GEORGE STERTSIOS and nonparty MARTHA'S COUNTRY BAKERY 3, LLC and all other related and/or affiliated Martha's Country Bakery businesses and individuals (collectively "Defendants") agree upon this Settlement Agreement and General Release (the "Agreement").

**Whereas,** Plaintiff brought suit in the above-captioned action as a result of a dispute regarding their employment.

**Whereas,** Plaintiff KASSANDRA (MANGAFAS) DIMOU was employed by the Defendants as a busser.

**Whereas,** the parties desire to resolve all disputes between them without the necessity of further litigation; and

**Whereas,** Defendants deny any violation of federal and state wage and hour and overtime laws;

NOW THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. **Settlement Sum.** Defendants shall pay or cause to be paid a total of $19,125.00 (the "Settlement Sum"), as set forth and allocated below:

   2.1    one (1) payment of $15,412.56 made payable to "Jones Law Firm, P.C." to be distributed to KASSANDRA (MANGAFAS) DIMOU and effected within 15 days of the execution of this agreement;

   2.2    one (1) payment of $3,712.44 made payable to "Jones Law Firm, P.C." for KASSANDRA (MANGAFAS) DIMOU' attorney's fees and effected within 15 days of the execution of this agreement;

   2.3    The settlement payment checks referred to in §§ 2.1, and 2.2 will be delivered to Jones Law Firm, P.C.

   2.4    In the event that Defendants fail to pay any of the settlement amounts in this section, and Plaintiffs commence an action to recover such amounts, then Plaintiffs may also recover their reasonable cost of suit including reasonable attorney's fees.

3. Omitted

4. **General Release.** In consideration of the promises, payments and actions of Defendants set forth in this Agreement, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, on her own behalf and on behalf of anyone who could claim by and through her, hereby waives, releases, satisfies and discharges: Defendants; Defendants' insurers, predecessors and successors in interest, assignees, parents, subsidiaries, divisions and affiliated or related companies and entities; Defendants' past, present, and future shareholders; and, Defendants' officers, directors, supervisors, managers, employees, agents, attorneys and representatives (hereafter collectively referred to as the "Releasees").

Plaintiff releases the Releasees in their individual and official capacities, and their heirs and legal representatives. Plaintiff releases the Releasees from any and all claims, debts, losses, demands, obligations, liabilities, causes of action, charges, grievances, complaints or suits of any type or nature which relate to his employment relationship with the Releasees under federal, state or local law, including but not limited to 42 U.S.C. §§ 2000e – 2000e-17 (Title VII of the Civil Rights Act of 1964) and New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et. seq.*, and any other claims whatsoever alleged in the Pending Action which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, claims for emotional distress, penalties of any nature whatsoever, other compensation or benefits, including 401(k) benefits or matching benefits, retirement or deferred compensation benefits claims on account of unpaid wages, tips, overtime, and/or other compensation, attorneys' fees and costs, whether known or unknown, from the beginning of the world to the date of the Agreement. Plaintiffs also release Releasees from any and all similar claims which were actually asserted, or could have been asserted by Plaintiff in the Pending Action, including but not limited to, any alleged violation of: Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); the Immigration Reform and Control Act; the Americans with Disabilities Act of 1990; the Family & Medical Leave Act of 1993, as amended; The Age Discrimination in Employment Act of 1967 ("ADEA"); the Sarbanes-Oxley Act of 2002, as amended; the Workers Adjustment and Retraining Notification Act; the Fair Credit Reporting Act; the New York State Human Rights Law, as amended; the New York State Civil Rights Law, as amended; as amended; the New York State Equal Rights Law, as amended; the New York State Equal Pay Law, as amended; the New York State Labor Law, as amended; the New York

Occupational Safety and Health Laws, as amended; the New York City Human Rights Law, as amended; the New York City Administrative Code and Charter, as amended; any other federal, state or local law, rule, regulation, or ordinance; any public policy, contract, tort, or common law; or any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters accruing through the date of this Agreement.

5. **Non-Disparagement.** The Parties agree to refrain from making any public or private statements, oral or written, that disparage, slander, libel, or otherwise cast aspersions on each other.

6. **Dismissal of Pending Action.** In consideration for the promises set forth in this Agreement, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, their claims against Defendants in the Pending Action; and (2) not to re-file these causes of action, or any other causes of action, against Defendants arising from employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action. The Parties shall take all steps necessary to effectuate the dismissal of this action, including filing the dismissal with prejudice attached as Exhibit A, whether required by the Court or otherwise.

7. **Responsibility for Taxes.** Plaintiff assumes full responsibility for her respective portion of the payment of all federal, state, and local taxes or contributions which she may be required to pay under any federal or state laws of any kind, with respect to the monies paid by Defendants to Plaintiff pursuant to this Settlement Agreement.

8. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of New York, and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining

provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that she has not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

9.  **Bona fide Dispute.** Plaintiff specifically acknowledges that this Agreement, and the monies received pursuant to it, is a fair and reasonable resolution of a bona fide dispute with Defendants and any claims that could have been brought in the Pending Action. Plaintiff also acknowledges that she and her counsel conducted a thorough investigation into the facts of the action against Defendants. Plaintiff and her counsel believe that the settlement set forth in this Agreement is fair, reasonable, and adequate and in Plaintiff's best interests in light of all known facts and circumstances, including the risk of loss, risk of significant delay, affirmative defenses asserted by Defendants, and potential appellate issues.

10. **Acknowledgments.** Plaintiff acknowledges that she has not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set forth herein. Plaintiff specifically acknowledges that the parties jointly prepared this Agreement.

11. **Venue.** This Agreement is enforceable in the federal and state courts of New York. The Parties specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in the United States District Court for the Southern District of New York or a New York State Court of competent jurisdiction that lies within the geographic area encompassed by the United States District Court for the Southern District of New York. Plaintiff and Defendants hereby waive any pleas of improper jurisdiction or venue in the United States District Court for the Southern District of New York or a New York State Court of competent

jurisdiction that lies within the geographic area encompassed by the United States District Court for the Southern District of New York.

12.     **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

13.     **No Modification Except in Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

14.     **Prevailing Party Fees.** In the event of any litigation to enforce or regarding a breach of the terms of this Agreement, the prevailing party shall be entitled to receive from the other reasonable attorneys' fees and costs up through and including the appellate process.

15.     **Execution in Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

16.     Plaintiff understands, represents, and agrees that she:

>   16.1    has carefully read and fully understands all of the provisions of this Agreement;
>
>   16.2    is through this Agreement, releasing Defendants from any and all claims that she may now have against them;
>
>   16.3    Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

16.4 Knowingly and voluntarily intends to be legally bound by this Agreement;

16.5 Was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and

16.6 Is duly authorized and has full authority to execute this Agreement.

Plaintiff:

_____
KASSANDRA (MANGAFAS) DIMOU

_____
Jones Law Firm, P.C. attorneys for Plaintiff KASSANDRA (MANGAFAS) DIMOU
By: John J. Thompson, Esq.

State of New York

County of New York

Sworn to before me this
17 day of December 2018

_____
Notary Public

BRITTANY SLOANE WEINER
NOTARY PUBLIC-STATE OF NEW YORK
No. 02WE6255634
Qualified in New York County
My Commission Expires February 06, 20/6
          20

Defendants:

_____
MARTHA'S 263 BEDFORD AVE, LLC
By George Hatsios
Manager member

_____
MARTHA'S COUNTRY BAKERY 2, LLC   By George Stertsios
                                 managing member.

_____
ANTONIOS ZANNIKOS

_____
GEORGE STERTSIOS

_____
Sacco & Fillas, LLP, attorneys for Defendants
By: Zachary S. Kaplan, Esq.


Agreed:
_____
MARTHA'S COUNTRY BAKERY 3, LLC   By George Stertsios
                                 managing member

                                 personally appeared George Stertsios

State of _New York_

County of _Queens_

Sworn to before me this
21 day of _December_ 2018

_____
Notary Public

ALBERT R MATUZA JR
Notary Public, State of New York
No. 01MA6070094
Qualified in Nassau County
Commission Expires February 19, 2022

personally appeared Antonios Zannikos
Sworn to before me on this 21st day of
December, 2018

_____
Notary Public

ALBERT R MATUZA JR
Notary Public, State of New York
No. 01MA6070094
Qualified in Nassau County
Commission Expires February 19, 2022